United States District Court

Eastern District of California

United States of America,

      Plaintiff,            No. Mag. 05-0292-JFM

  vs.                     Detention Order

Roberto Corona,

      Defendant.

-oOo-

A.   <u>Order For Detention</u>

    After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (i).

B.   <u>Statement Of Reasons For The Detention</u>

    The Court orders the defendant's detention because it finds:

  <u> x </u>    By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

  <u> x </u>    By clear and convincing evidence that no condition or combination of conditions will reasonably assure

1           the safety of any other person and the community.

2 C.    <u>Findings Of Fact</u>

3     The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:

   __x__      (1) Nature and Circumstances of the offense charged.

         __x__      (a) The crime.

         _____      (b) The offense is a crime of violence.

         _____      (c) The offense involves a narcotic.

         _____      (d) The offense involves a large amount of controlled substances.

   _____      (2) The weight of the evidence against the defendant is high.

   _____      (3) The history and characteristics of the defendant including:

         _____ (a) General Factors:

               _____      The defendant appears to have a mental condition which may affect whether the defendant will appear.

               _____      The defendant has no family ties in the area.

               _____      The defendant has no steady employment.

               _____      The defendant has no substantial financial resources.

               _____      The defendant is not a long time resident of the community.

               _____      The defendant does not have any significant community ties.

               _____      Past conduct of the defendant:

               _____      The defendant has a history relating to drug abuse.

        \_\_\_\_\_      The defendant has a significant prior criminal record.

        \_\_\_\_\_      The defendant has a prior record of failure to appear at court proceedings.

  (b)  Whether the defendant was on probation, parole, or release by a court;

At the time of the current arrest, the defendant was on:

        \_\_\_\_\_      Probation.

        \_\_\_\_\_      Parole.

        \_\_\_\_\_      Release pending trial, sentence, appeal or completion of sentence.

  (c)  Other Factors

        \_\_\_\_\_      The defendant is an illegal alien and is subject to deportation.

        \_\_\_\_\_      The defendant is a legal alien and will be subject to deportation if convicted.

        __x__      Other:  Unopposed motion.

__x__    (4)  <u>Rebuttable Presumptions</u>

In determining that the defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e), which the court finds the defendant has not rebutted:

    \_\_\_\_\_    (a)  (1) The crime charged is one described in § 3142(f)(1)

          \_\_\_\_\_    (A) a crime of violence; or

          \_\_\_\_\_    (B) an offense for which the maximum penalty is life imprisonment or death; or

          \_\_\_\_\_    (C) a controlled substance violation that has a maximum penalty of ten years or more; or

          \_\_\_\_\_    (D) a felony and defendant

3

                                    previously was convicted of two or more of the offenses described in (A) through (C) above <u>and</u>

                (2)    Defendant previously has been convicted of one of the crimes listed in subparagraph (1)(A)-(C), above <u>and</u>

                (3)    The offense referred to in subparagraph (2) was committed while defendant was on release pending trial <u>and</u>

                (4)    Not more than five years has elapsed since the date of conviction or release from imprisonment for the offense referred to in subparagraph (2).

   <u> x </u>    (b)    There is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed

             <u> x </u>        in the Controlled Substances Act, 21 U.S.C. §§ 801, et seq.,

             <u>    </u>        the Controlled Substances Act , 21 U.S.C. §§ 951, et seq.,

             <u>    </u>        the Maritime Drug Law Enforcement Act, 46 U.S.C. App. §§ 1901, et seq., or

             <u>    </u>        an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b.

             <u>    </u>        an offense under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

D.    <u>Additional Directives</u>

    Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:

    The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

1   The defendant be afforded reasonable opportunity for private consultation with his counsel; and

2

3   That, on order of a court of the United States, or request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the

4   defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

5

6   Dated: October 11, 2005

7

8                                           /s/ Peter A. Nowinski
                                            Peter A. Nowinski
9                                           Magistrate Judge